UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI TUCKER, | Civil Action No. |
| PLAINTIFF | |
| | District Judge "____" |
| VERSUS | Judge _____ |
| WAFFLE HOUSE, INC., | Magistrate Judge "____" |
| | Magistrate Judge _____ |
| DEFENDANT | |

## DEFENDANT'S NOTICE OF REMOVAL

Without waiving any defenses or objections to the Petition filed in state court, Defendant Waffle House, Inc. ("Waffle House" or "Defendant") hereby gives notice of the removal of the action entitled, "*Vikki Tucker versus Waffle House, Inc.*," Docket No. 118-609, Division "A", 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, from the 34th Judicial District Court to the United States District Court for the Eastern District of Louisiana. In support of its Notice, Waffle House respectfully represents as follows:

## STATEMENT OF GROUNDS FOR REMOVAL

1. As set forth more fully below, jurisdiction and removal are based upon 28 U.S.C. §§ 1331, 1332 and 1441.

2. Plaintiff Vikki Tucker commenced this action on December 27, 2011, by filing a Petition for Damages entitled "*Vikki Tucker versus Waffle House, Inc.*," Docket No. 118-609, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana [See Petition for Damages attached hereto as part of Exhibit A].

**FEDERAL QUESTION**

3. Under the "well-pleaded complaint" rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546 (5th Cir. 2008).

4. Plaintiff alleges in her Petition that "she was discriminated and harassed on the basis of her age, gender, and race…in violation of the protections guaranteed by the United States Constitution." [Petition at ¶ 1].

5. Plaintiff further alleges that she "believes she has been discriminated against because of her age, 58, in violation of the Age Discrimination in Employment Act." [Petition at ¶ 15]. Plaintiff alleges violations of other laws which may be federal laws.

6. Plaintiff also alleges that she filed "a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission" and that "[o]n November 8, 2011, [she] received her Right to Sue letter from the U.S. Equal Employment Opportunity Commission." [Petition at ¶¶ 13-14]. The inclusion of this allegation evidences Plaintiff's intent to pursue a claim under federal law; specifically, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et. seq.* ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.* ("Title VII") since the filing of an EEOC charge is only a necessary prerequisite to filing suit under federal law and not under state law.[1]

7. Accordingly, a federal question exists since Plaintiff's action arises under the laws of the United States.

---

[1] Plaintiff references alleged violations of "the Race Discrimination in Employment Act," "the Civil Rights Act," and "the Employment Discrimination Act." [Petition at ¶¶ 16, 18, and 19]. Though unfamiliar with the acts referenced by Plaintiff, Defendant assumes that Plaintiff seeks to pursue claims under Title VII of the Civil Rights Act of 1964.

8. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims which form part of the same case or controversy as her federal law claims.

## DIVERSITY OF CITIZENSHIP

9. The only parties to this proceeding at the time of the filing of this Notice are Vikki Tucker, a citizen of the State of Louisiana, and Waffle House, Inc., a citizen of states other than Louisiana. Specifically, Waffle House, Inc. is incorporated in the State of Georgia and has its principal place of business in the State of Georgia. [See Exhibit B].

10. Accordingly, diversity of citizenship exists.

## THIS NOTICE OF REMOVAL IS TIMELY AND THE AMOUNT IN CONTROVERSY IS SATISFIED

11. This action was filed on December 27, 2011, and Defendant was served with Citation and the Petition for Damages on September 20, 2012. Therefore, this notice of removal is filed within 30 days of Defendant's receipt of the initial pleading and is timely.

12. Waffle House, Inc. avers that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. Plaintiff alleges violations of both federal and state law. The state law governing her claims does not contain a statutory cap on available damages. Additionally, Title VII allows for recovery of damages for mental and emotional distress, back pay, front pay, and punitive damages and the ADEA permits recovery of back pay, front pay, and liquidated damages. Accordingly, Defendant avers that the Petition on its face demonstrates an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

13. In accordance with the above, this Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1332.

## CERTIFICATION OF COUNSEL

14. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal will be served on opposing counsel and also that a copy of this Notice of Removal will be filed with the Clerk of Court of the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, promptly after the filing of this Notice of Removal and in the manner required by applicable law.

15. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

16. A copy of all process, pleadings, and orders served upon Defendant Waffle House, Inc. is attached as collective Exhibit A.

Respectfully submitted,

/s/ Christine M. White
Christopher E. Moore, LA Bar No. 26430 (T.A.)
Christine M. White, LA Bar No. 28804
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Shell Square
701 Poydras St., Suite 3500
New Orleans, LA 70139
Telephone: (504) 648-3840
Facsimile: (504) 648-3859
Electronic Mail:
Christopher.Moore@ogletreedeakins.com
Christine.White@ogletreedeakins.com

Attorneys for Defendant Waffle House, Inc.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Defendant's Notice of Removal has been served on the following counsel of record via United States Mail, properly addressed and postage prepaid:

>Keith Couture, Esq.
>Wesley Levesque, Esq.
>337 Highway 21, Suite D
>Madisonville, LA 70447
>Facsimile: (985) 674-4462

This 4th day of October, 2012.

        /s/ Christine M. White_____

13330619.1 (OGLETREE)